[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16044
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-20520-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE PINEIRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2011)

Before EDMONDSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jorge Pineiro appeals his convictions for drug conspiracy and substantive

drug offenses, 21 U.S.C. §§ 841(a)(1), 846, and 963. No reversible error has been

shown; we affirm.

Trial testimony revealed that Pineiro worked for United Parcel Service ("UPS") as a cargo handler at the Miami International Airport. Authorities with UPS had been alerted to a suspicious package aboard a cargo plane arriving in Miami from the Dominican Republic. With the aid of surveillance cameras, authorities discovered that Pineiro had removed the package from the tarmac, hid it in a grocery bag under a bag of potato chips, and put it in his car. Pineiro's codefendants (two of his fellow coworkers) later removed the package from Pineiro's car and exited the airport in two separate cars. Law enforcement officers conducted a traffic stop and discovered that the package contained 2,883 grams of cocaine.

At trial, Immigration and Customs Enforcement special agent Marco Suarez testified for the government. Suarez had interviewed Pineiro after arresting him and issuing him Miranda[1] warnings. In pertinent part, Suarez testified (1) that Pineiro told him that one of his codefendants had asked Pineiro to remove the package and (2) that, although the codefendant had not told him what was in the package, Pineiro thought the package contained either drugs or money. On redirect examination, Suarez answered that he had no way to verify whether Pineiro's

---

[1] Miranda v. Arizona, 86 S.Ct. 1602, 1624 (1966).

statement about his lack of knowledge of what was in the package was true: "All I had was the statement he made to me." Pineiro objected to this line of questioning and moved for a mistrial, arguing that Pineiro's lack of knowledge could be verified by the statements of his codefendants, who had admitted that they did not tell Pineiro what was in the package.

On appeal, Pineiro argues that the district court abused its discretion in denying his motion for a mistrial because the government improperly questioned Suarez on re-direct examination about Pineiro's post-arrest statement that he did not know the contents of the package. He contends that the questioning produced the erroneous and false conclusion that no corroboration existed for the statement.

We review the district court's denial of a mistrial motion for an abuse of discretion. United States v. Ettinger, 344 F.3d 1149, 1161 (11th Cir. 2003). A defendant is entitled to a mistrial only upon a showing of substantial prejudice. United States v. Chastain, 198 F.3d 1338, 1352 (11th Cir. 1999). In addition, prosecutorial misconduct requires a new trial only if we conclude that the prosecutor's remarks (1) were improper and (2) prejudiced defendant's substantial rights. United States v. Hernandez, 145 F.3d 1433, 1438 (11th Cir. 1998).

We discern no abuse of discretion here and conclude that the government made no improper remarks. That Pineiro's codefendants may not have expressly

3

informed Pineiro that the package contained cocaine does not fully corroborate Pineiro's statement that he did not know personally what the package contained. The government never implied that the codefendants had implicated Pineiro or that the codefendants had contradicted Pineiro's statement that his codefendant had never told him of the package's contents. Thus, Suarez's statement that no additional evidence showed Pineiro's complete lack of knowledge about the contents of the package other than Pineiro's own statement was not false or misleading.

More important, and even assuming the question was improper, we cannot say the government's line of questioning prejudiced Pineiro's substantial rights given the wealth of evidence against him. Video evidence showed Pineiro removing the package and hiding it in a grocery bag before taking it to his car. And Pineiro told Suarez that he thought the package contained money or drugs. In addition, Suarez testified as an expert that the package felt like "three kilograms of brick narcotics that were bound together very tightly with tape." See United States v. Rouco, 765 F.2d 983, 992 (11th Cir. 1985) (explaining that prejudicial testimony is less likely to mandate a mistrial when there is other significant evidence of guilt that reduces the likelihood that the otherwise improper testimony had a substantial

4

impact on the verdict of the jury).[2]

AFFIRMED.

---

[2] Because we conclude that no improper remark or substantial prejudice occurred, we reject Pineiro's argument that the government's line of questioning improperly shifted the burden to him to prove his lack of knowledge. See United States v. Simon, 964 F.2d 1082, 1086 (11th Cir. 1992) (recognizing that a prosecutor's comment may be so prejudicial as to shift the burden of proof and may require reversal if the misconduct is so pronounced and persistent that it permeates the entire atmosphere of the trial). And even still, the district court properly instructed the jury on the government's burden of proof.